## Block v. Har Nebo Cemetery Company.

*Earl Jay Gratz,* for plaintiff.

*Wecht, Schwartz & Wecht* and *Saul, Ewing, Remick & Saul,* for defendant.

ALESSANDRONI, J., July 18, 1930.—The plaintiff's statement of claim sets forth the following cause of action: The plaintiff is the widow of Harry Block. Harry Block died Jan. 20, 1929, and the defendant corporation was ordered to open a grave for him in Section 151 E. By virtue of the negligence of the defendant, the body was interred in Section 251 G. and remained there until Feb. 21, 1929, when the defendant, without the knowledge or consent of the plaintiff, removed the body and interred it in the proper grave. This removal was carried out without compliance with the rites demanded by the deceased's religion. The plaintiff claims damages for the negligence and wrongful acts of the defendant.

The defendant filed an affidavit of defense in lieu of demurrer, averring that the plaintiff had not set forth a valid cause of action, as the plaintiff had no title or possessive right in the lot in which the remains were originally interred; and in that there is no recovery for mental suffering or nervous shock unaccompanied by physical injury.

After due consideration of the respective contentions of both the plaintiff and defendant, this court is of the opinion that the affidavit of defense raising questions of law should not be sustained. The respective rights of parties relating to the custody and disposal of the remains of the dead rest upon principles of law distinct and peculiar unto themselves. As was stated in Fox *v.* Gordon, 16 Phila. 185: "Questions which relate to the custody and disposal of the remains of the dead do not depend upon the principles which regulate the possession and ownership of property, but upon considerations arising partly

out of the domestic relations, the duties and obligations which spring from family relationship and the ties of blood; partly out of the sentiment so universal among all civilized nations, ancient and modern, that the dead should repose in some spot where they will be secure from profanation; partly out of what is demanded by society for the preservation of the public health, morality and decency, and partly often out of what is required by a proper respect for and observance of the wishes of the departed themselves." Thayer, P. J., also added: "So, also, the executor or other person who supplies the shroud and coffin may have an action for damages against any one who takes them away or unlawfully interfers with them."

The tendency of the courts to break away from a common law distinction between property and personal rights, especially regarding the question involved in this case, is recognized in Pettigrew *v.* Pettigrew, 207 Pa. 313, where the court stated: "But inasmuch as there is a legally recognized right of custody, control and disposition, the essential attribute of ownership, I apprehend that it would be more accurate to say that the law recognizes property in a corpse, but property subject to a trust and limited in its rights to such exercise as shall be in conformity with the duty out of which the rights arise. Whether, however, the rights be called property or not is manifestly a question of words rather than of substance." That case also established the right and the duty of the wife to have proper custody and control regarding the disposition of the remains of her husband.

In 17 Corpus Juris, 1143, it is stated: "An action will lie for the breach of a contract as to the care and burial of a dead body. Accordingly, where a person agrees to bury a corpse properly, a right of action lies if he negligently allows the body to be taken from his custody, or suffers indignities to be offered it while in his possession, or gives it an improper burial." In 17 Corpus Juris, 1144, the following principle is enunciated: "It is now well settled that an unlawful invasion or violation of the right to bury a corpse and preserve the remains is a tort, and is the subject of an action for damages. . . . An unlawful and unwarranted interference with the exercise of the right of burial is a tort which gives right to a cause of action. So the withholding of the body of the deceased human being from those who have a right to the possession of the body for the purpose of proper interment is an injury which will give a cause of action against the person holding such body."

The gravamen of plaintiff's complaint consists in the defendant's act of removing the remains without notice to her. It is presumed that the defendant knew that a rite or ceremonial sacred to the religious belief and tradition of the plaintiff and the deceased must accompany the disinterment. To avoid the disclosure of the mistaken burial, without notice to plaintiff, the defendant moved the body to another lot. How the defendant imagined this would escape her notice is hard to conceive.

The plaintiff avers that in so doing defendant committed an act of profanation grievously affecting her religious sensibilities. So long as humanity shall live in the domain of the spirit as well as of the flesh and endow mortal remains of dear ones with a reverance approaching sanctity, it must follow that the law will come to the aid of him who has suffered mental anguish by the carelessness or wantonness of another.

We, therefore, conclude that the statement of claim sets forth a valid cause of action.

And now, to wit, July 18, 1930, the affidavit of defense raising questions of law is dismissed, with leave to the defendant to file an affidavit of defense within fifteen days from the date hereof.